UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| OSCAR RODRIGUEZ BANEGAS, <br><br> NURIS ARDON HENRIQUEZ, <br><br> MARCO CASTRO ARDON, <br><br>   Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, <br> Secretary, Department of Homeland Security, <br><br> ANGELICA ALFONSO-ROYALS, <br> Acting Director, U.S. Citizenship and Immigration Services, <br><br> JOHN DOE, <br> Director, Vermont Service Center, U.S. Citizenship & Immigration Services, <br><br> CHRISTOPHER HEFFRON, <br> Director, Charlotte Field Office, U.S. Citizenship & Immigration Services, <br><br>   Defendants. | Civil Action No. 3:25-cv-573 <br><br> Judge: Hon. _____ <br><br><br> **COMPLAINT FOR WRIT OF MANDAMUS** |

## INTRODUCTION

**COME NOW**, Plaintiffs, Oscar Rodriguez Banegas, Nuris Ardon Henriquez, and Marco Castro Ardon, by and through undersigned Counsel, before this Court to file this COMPLAINT, requesting that this Court compel officers of the U.S. Citizenship and Immigration Services (hereinafter referred to as "USCIS") to merely place their names on the U Visa waiting list as required by the plain language of the regulations and to issue work authorization pursuant to statute.

# JURISDICTION AND VENUE

1. This Court has jurisdiction over this mandamus action pursuant to the following:

    A. 28 U.S.C. §1331, federal question jurisdiction;

    B. 5 U.S.C. §§ 555(b) & 706(1), the Administrative Procedures Act ("APA");

    C. 8 U.S.C. §1329, Immigration & Naturalization Act; and

    D. 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty.

2. Venue is proper in the Western District of North Carolina under 28 U.S.C. § 1391(e), as the action is against defendants who are officers or employees of the United States; a substantial part of the events giving rise to the instant claim occurred in this district; and the Department of Homeland Security and USCIS do business in this district.

# PARTIES

3. Plaintiff Oscar Rodriguez Banegas ("Mr. Rodriguez") is a citizen and national of Honduras. He is legally married to Plaintiff Nuris Ardon Henriquez ("Ms. Ardon"), a citizen and national of Honduras, and is the stepfather of Plaintiff Marco Castro Ardon ("Marco"), a citizen and national of Honduras. On July 12, 2021, at over 21 years of age, Mr. Rodriguez applied for U-1 Visa status through Form I-918, Application for U Nonimmigrant Status,[1] as well as for U-2 Visa status for his wife and U-3 Visa status for his stepson, through Form I-918, Supplement A, Petition for Qualifying Family Member of U-1 Recipient.[2,3]

4. Defendant Kristi Noem is sued in her official capacity as the Secretary of the Department of Homeland Security. In this capacity, she has responsibility for the administration of the

---

[1] **Exhibit A**, Receipt Notice for Form I-918.
[2] **Exhibit B**, Receipt Notice for Ms. Ardon's Form I-918A.
[3] **Exhibit C**, Receipt Notice for Marco's Form I-918A.

immigration laws pursuant to 6 U.S.C. § 251 and routinely does and transacts business in this district.

5. Defendant Angelica Alfonso-Royals is sued in her official capacity as the Acting Director of U.S. Citizenship and Immigration Services (hereafter "USCIS"), a bureau of the Department of Homeland Security. In this capacity, she has responsibility for the administration of the immigration laws and routinely does and transacts business in this district.

6. Defendant John Doe is sued in his official capacity as the Director of the USCIS Vermont Service Center, which is primarily charged with the responsibility of processing U-Visa applications. In this capacity, he has responsibility for the administration of the immigration laws and routinely does and transacts business at the center.

7. Defendant Christopher Heffron is sued in his official capacity as the Director of the USCIS Charlotte Field Office. In his capacity, he has responsibility for the adjudication of applications for immigration benefits filed by eligible immigrants such as Plaintiff, and he routinely does and transacts business in this district (hereinafter, Defendants will be collectively referred to as "Defendant USCIS").

## APPLICABLE IMMIGRATION LAW

### The U Visa Program, 8 U.S.C. § 1101(a)(15)(U)

8. On October 28, 2000, Congress created the U Visa program. *See* Victims of Trafficking and Violence Prevention Act of 2000 (VTVPA), Pub. L. No. 106-386, Title V, § 1513, 114 Stat. 1464, 1533 (2000).

9. Concerned that "[i]mmigrant women and children are often targeted to be victims of crimes committed against them in the United States" and that "[a]ll women and children who are victims of these crimes committed against them in the United States must be able to report

these crimes to law enforcement and fully participate in the investigation of the crimes[,]" Congress acted to establish the U Visa program in order to "strengthen the ability of law enforcement agencies to detect, investigate, and prosecute" certain serious crimes "while offering protection to victims of such offenses in keeping with the humanitarian interests of the United States." *See* VTVPA § 1513(a), 114 Stat. 1533.

10. The U Visa program creates a mechanism for noncitizen victims of serious crime to safely engage law enforcement and, likewise, for law enforcement to engage immigrant communities to deter, prevent, and prosecute criminal activity for the betterment of United States.

11. The U Visa was created to strengthen the ability of law enforcement agencies to investigate and prosecute serious crimes and trafficking in persons, while offering protections to victims of such crimes without the immediate risk of being removed from the country. By providing victims of crime with an avenue for regularization of their immigrant status, the U Visa encourages victims to work and cooperate with law enforcement agencies. Congress also aimed to strengthen relations between law enforcement and immigrant communities by increasing cooperation and removing some of the fear of deportation held by many undocumented migrants. *See, e.g.*, *U and T Visa Law Enforcement Resource Guide*, Department of Homeland Security (January 4, 2016), https://www.dhs.gov/sites/default/files/publications/U-and-T-Visa-Law-Enforcement-Resource%20Guide_1.4.16.pdf.

12. A noncitizen is eligible for status under the U Visa program if (1) they suffered substantial physical or mental abuse as a result of having been a victim of one of the enumerated crimes; (2) they possess or possessed information concerning the criminal activity; (3) they have

been helpful, are being helpful, or are likely to be helpful to a Federal, State, or local law enforcement official, to a Federal, State, or local prosecutor, to a Federal or State judge, to the Service, or to other Federal, State, or local authorities investigating or prosecuting the criminal activity; and (4) the criminal activity violated the laws of the United States or occurred in the United States (including in Indian country and military installations) or the territories and possessions of the United States. *See* 8 U.S.C. § 1101(a)(15)(U).

13. In addition, if the eligible noncitizen is over 21 years of age, their spouse and children are eligible for status under the U Visa program. 8 U.S.C. § 1101(a)(15)(U)(ii)(II).

14. A statutory cap limits the grant of U Visas to 10,000 per fiscal year. 8 U.S.C. § 1184(p)(2)(A). *See* 8 U.S.C. § 1184(p)(2)(A); 8 C.F.R. § 214.14(d)(1). The statutory cap only applies to principal applicants and does not apply to derivative applicants. 8 U.S.C. § 1184(p)(2)(B).

15. A wait list was created by regulation to provide deferred action to an eligible petitioner whenever the statutory cap is reached within a given fiscal year. *See* New Classification for Victims of Criminal Activity; Eligibility for "U" Nonimmigrant Status, 72 Fed. Reg. 53014, 53027 (Sept. 29, 1995) (codified at 8 C.F.R. § 214.14(d)(2)). Deferred action provides several important protections to petitioners that include, among others, eligibility for work authorization. 8 CFR § 214.14(d)(2) ("USCIS, in its discretion, may authorize employment for such petitioners and qualifying family members.").

### The U Visa Administrative Process

16. The administrative processing to accord U nonimmigrant status to eligible petitioners and their qualifying family members is tightly prescribed and regulated:

    A. First, a petitioner must obtain a certification from a law enforcement official that she was the victim of a crime, the crime is a recognized crime under the U Visa program,

and that they were, are or likely will be helpful in the investigation, or prosecution of the criminal activity. The USCIS has prescribed that law enforcement officials make this certification on a particular form, USCIS Form I-918 Supplement B, U Nonimmigrant Status Certification. *See* 8 C.F.R. § 214.14(a)(12).

B. Second, on submission, the USCIS makes a completeness check to verify that all required initial evidence is present. The petition must include Form I-918, Petition for U Nonimmigrant Status; Form I-918, Supplement B, U Nonimmigrant Status Certification; Form I-192, Application for Advance Permission to Enter as Nonimmigrant, if there are any inadmissibility issues; a personal statement describing the criminal activity of which the applicant was a victim; and evidence to establish each eligibility requirement.

    i. To apply for a qualifying family member, which includes a spouse (U-2 Visa) and children (U-3 Visa) if the petitioner is over 21 years of age, the petitioner must submit Form I–918, Supplement A, Petition for Qualifying Family Member of U–1 Recipient, and evidence to establish the relationship. *See* 8 C.F.R. § 214.14(f).

C. Third, USCIS either adjudicates the petition by according U-nonimmigrant status or, in most cases, places the petitioner on the wait-list status for an adjudication. *See* 8 C.F.R. § 214.14(d)(2).

    i. If the statutory cap has not been reached, the USCIS adjudicates the petition for U nonimmigrant status.

    ii. If the statutory cap has been reached, the USCIS *must* place the petitioner on the waiting list until an adjudication can be made. 8 C.F.R. § 214.14(d) ("All

eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement.").

      1. Qualifying members of U-1 petitioners are also granted deferred action. 8 C.F.R. § 214.14(d)(2).

D. Once the individual has been granted deferred action, they may apply for and receive employment authorization by submitting Form I-765. 8 C.F.R. § 214.14(c)(7).

      i. Likewise, a noncitizen granted nonimmigrant status as a qualifying family member may receive employment authorization by submitting Form I-765. 8 C.F.R. § 214.14(f)(7).

### *Bona Fide* Screening

17. Congress granted USCIS the authority to grant work authorization for petitioners with pending, *bona fide* applications. 8 U.S.C. § 1184(p)(6) ("The Secretary may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 101(a)(15)(U)").

18. A *bona fide* application means an application where there appears to be no instance of fraud in the application, the application is complete, properly filed, contains an LEA endorsement, includes completed fingerprint and background checks, and presents *prima facie* evidence to show eligibility for U nonimmigrant status. *See, e.g.*, 8 C.F.R. § 214.11(k) (defining "bona fide" for related statutory nonimmigrant program).

# FACTUAL ALLEGATIONS

19. Mr. Rodriguez was born in District Central, Francisco Morazan, Honduras on January 3, 1980.[4]

20. Ms. Ardon was born in Morazan, Yoro, Honduras on September 15, 1992.[5]

21. Marco was born in El Progreso, Yoro, Honduras on May 3, 2012, and is the biological son of Ms. Ardon.[6]

22. Mr. Rodriguez married Ms. Ardon in Charlotte, Mecklenburg County, North Carolina on April 17, 2021, and accordingly became Marco's stepfather.[7]

23. On August 18, 2020, Mr. Rodriguez, over the age of 21, was the victim of a violent kidnapping and armed robbery in Charlotte, Mecklenburg County, North Carolina, during which an armed man forced Mr. Rodriguez to drive his vehicle to several ATMs to withdraw money, until Mr. Rodriguez escaped as the man shot at him.[8]

24. Mr. Rodriguez possessed information about the crime and fully cooperated with the case's investigation.[9]

25. Mr. Rodriguez suffered from prolonged emotional and mental distress after being the victim of violent criminal activity.

26. Mr. Rodriguez has never refused or failed to help the government, and he is willing to help them in any future investigations.

27. The local law enforcement investigation, aided by Mr. Rodriguez, gave rise to police case case number 20200818210301, and Mr. Rodriguez cooperated as a victim.[10]

---

[4] **Exhibit D**, Mr. Rodriguez's Birth Certificate with Certified Translation.
[5] **Exhibit E**, Ms. Ardon's Birth Certificate with Certified Translation.
[6] **Exhibit F**, Marco's Birth Certificate with Certified Translation.
[7] **Exhibit G,** Marriage Certificate.
[8] **Exhibit H**, Police Report.
[9] **Exhibit I**, Supplement B to Form I-918.
[10] *Id.*

28. The Charlotte Mecklenburg Police Department certified that Mr. Rodriguez was helpful in the investigation.[11]

29. On July 12, 2021, Mr. Rodriguez submitted a complete and substantively approvable U Visa application for nonimmigrant status to the USCIS Vermont Service Center, through Form I-918, Application for U Nonimmigrant Status.[12] 8 C.F.R. § 214.14(c)(1).

30. On July 12, 2021, Mr. Rodriguez, over 21 years old, also submitted on behalf of Ms. Ardon a complete and substantively approvable U-2 Visa petition to the USCIS Vermont Service Center, through Form I–918, Supplement A, Petition for Qualifying Family Member of U–1 Recipient.[13] 8 C.F.R. § 214.14(f)(1).

31. On July 12, 2021, Mr. Rodriguez, over 21 years old, also submitted on behalf of Marco a complete and substantively approvable U-3 Visa petition to the USCIS Vermont Service Center, through Form I–918, Supplement A, Petition for Qualifying Family Member of U–1 Recipient.[14] 8 C.F.R. § 214.14(f)(1).

32. On that same date, Mr. Rodriguez submitted a complete and approvable Form I-765, Application for Employment Authorization.[15]

33. Likewise, on that same date, Ms. Apolinar submitted a complete and approvable Form I-765, Application for Employment Authorization.[16]

34. Likewise, on that same date, Mr. Rodriguez, on behalf of Marco, submitted a complete and approvable Form I-765, Application for Employment Authorization.[17]

35. USCIS will only issue Receipt Notices for petitions and applications that are complete.

---

[11] *Id*.
[12] **Exhibit A**.
[13] **Exhibit B**.
[14] **Exhibit C**.
[15] **Exhibit J**, Receipt Notice for Mr. Rodriguez's Form I-765.
[16] **Exhibit K**, Receipt Notice for Ms. Ardon's Form I-765.
[17] **Exhibit L**, Receipt Notice for Marco's Form I-765.

36. USCIS confirmed receipt of Plaintiffs' Form I-918 and Form I-765 by issuing a Receipt Notice.[18]

37. On August 14, 2021, USCIS scheduled Mr. Rodriguez for a biometrics appointment on September 7, 2021, for his application for U-1 nonimmigrant status.[19] Mr. Rodriguez attended this appointment.

38. On August 14, 2021, USCIS scheduled Ms. Ardon for a biometrics appointment on September 7, 2021, for her application for U-2 nonimmigrant status.[20] Ms. Ardon attended this appointment.

39. USCIS did not need to schedule Marco for a biometrics appointment since he was a minor.

40. There is no evidence of fraud in the applications, and Plaintiffs attached compelling evidence showing eligibility for U nonimmigrant status.

41. USCIS maintains a Case Processing Times tool for the public to learn of regular processing times of applications processed by Defendants. The average processing time for the *bona fide* determination for U Nonimmigrant Status (I-918) applications is 33 months.

42. Over four (4) years, that is, 48 months, have elapsed since Plaintiffs filed their complete and approvable applications for U nonimmigrant status.[21]

43. Beyond scheduling biometrics appointments, Defendants have taken no action on Plaintiffs' applications since they were properly filed.

44. The delay has harmed Plaintiffs in their ability to maintain a livelihood and be productive members of society due to still not possessing work authorization, which disallows them

---

[18] **Exhibits A, B, C, J, K, and L.**
[19] **Exhibit M**, Biometrics Appointment Notice for Mr. Rodriguez.
[20] **Exhibit N**, Biometrics Appointment Notice for Ms. Ardon.
[21] '**Exhibit O**, USCIS Processing Times for Form I-918 *Bona Fide* Determination.

from having a North Carolina driver's license. The delay has also negatively affected their other daily activities, including Marco's ability to have access to all resources as a child.

## CLAIMS FOR RELIEF

### COUNT I
### Unreasonable Delay in Agency Action
### 5 U.S.C. § 555(b)

45. Plaintiffs reallege and incorporate by reference paragraphs 1 through 44 of the Complaint as if fully stated herein.

46. Defendant USCIS adjudicates U nonimmigrant status petitions and has full jurisdiction over Mr. Rodriguez's submitted application through Form I-918 and his petitions for Ms. Ardon and Marco through Supplement A to Form I-918.

47. The Defendants have a clear, statutory, nondiscretionary obligation to process Mr. Rodriguez's application and petition for Ms. Ardon and Marco for U nonimmigrant status, as well as to waitlist placement, within a reasonable time, both for Mr. Rodriguez and his qualifying family members, Ms. Ardon and Marco. 5 U.S.C. § 555(b).

48. The Defendants' delay in taking any action over four years is unreasonable and therefore violates 5 U.S.C. § 555(b).

49. No other adequate remedy is available, since Plaintiffs have exhausted all administrative remedies and have waited over four years.

50. Defendants' delay has no substantial justification

## COUNT II
## Mandamus
## 28 U.S.C. § 1361

51. Plaintiffs reallege and incorporate by reference paragraphs 1 through 44 of the Complaint as if fully stated herein.

52. The Mandamus Act, 28 U.S.C. § 1361, grants authority to courts to compel defendants to perform a duty owed to plaintiffs.

53. Defendant USCIS adjudicates U nonimmigrant status petitions and has full jurisdiction over Mr. Rodriguez's submitted application through Form I-918 and his petitions for Ms. Ardon and Marco through Supplement A to Form I-918.

54. The Defendants have a clear, statutory, nondiscretionary obligation to place all eligible petitioners and their qualifying family members for U nonimmigrant status on the waiting list, that is, Plaintiffs. 8 C.F.R. § 214.14(d).

55. Therefore, the Defendants have a duty to place Plaintiffs on the waiting list.

56. The Defendants' failure to perform this duty for over four years violates the regulation.

57. No other adequate remedy is available, since Plaintiffs have exhausted all administrative remedies and have waited over four years.

58. Defendants' delay has no substantial justification.

## COUNT III
## Unreasonable Delay in Agency Action
## *Bona Fide* Work Authorization

59. Plaintiffs reallege and incorporate by reference paragraphs 1 through 44 of the Complaint as if fully stated herein.

60. Under 8 U.S.C. § 1184(p)(6), the Defendants have a clear, statutory, nondiscretionary obligation to issue, within a reasonable time, work authorization for individuals who have

presented *bona fide* petitions for U nonimmigrant status their petitioned qualifying family members.

61. Defendant USCIS adjudicates work authorizations based on pending U nonimmigrant status petitions and has full jurisdiction over Plaintiffs' submitted applications through Form I-765.

62. The Defendants have failed to issue work authorization to Plaintiffs for over four years.

63. The Defendants' failure to issue work authorization to Plaintiffs violates 8 U.S.C. § 1184(p)(6) and 5 U.S.C. § 555(b).

64. No other adequate remedy is available, since Plaintiffs have exhausted all administrative remedies and have waited over four years.

65. Defendants' delay has no substantial justification.

## PRAYER FOR RELIEF

**WHEREFORE**, and in light of the foregoing, Plaintiff prays that this Court:

A. Assume jurisdiction over this matter;

B. Declare that Defendants have a duty to place Plaintiffs on the waiting list for U nonimmigrant status and grant deferred action;

C. Order Defendants to comply with 8 C.F.R. § 214.14(d)(2) and place Plaintiffs on the U Visa waitlist;

D. Order Defendants to comply with 8 U.S.C. § 1184(p)(6) and grant Plaintiffs work authorization;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and

F. Award all other relief to Plaintiffs that it deems just, equitable, and proper.

DATED, this the 1st day of August, 2025.

/s/ Carnell Johnson
**Johnson & Nicholson, PLLC**
Carnell Johnson
Attorney for Plaintiff
Johnson & Nicholson, PLLC
5806 Monroe Road, Suite #102
Charlotte, North Carolina 28212
Tel: (704) 375-1911
Fax: (704) 375-1919
Email: cj@johnnichlaw.com